UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1874 PA (RAOx) | Date | May 23, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. 100% Smoke Shop et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

Plaintiff GS Holistic, LLC ("Plaintiff") initiated this action on March 13, 2023 against defendants 100% Smoke Shop and John Doe ("Defendants"). (Docket No. 1.) Plaintiff served Defendants on April 27, 2023. (See Docket No. 12.) On May 22, 2023, Plaintiff filed a First Amended Complaint that replaced Defendants with two new parties, Batool Incorporated d/b/a 100% Smoke Shop and Mohammad Abdal Jawad. (Docket No. 14.) However, Plaintiff did not seek leave from the Court to amend the original Complaint, nor does it appear that Plaintiff obtained consent from Defendants before filing the First Amended Complaint.

Generally, "[a] party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because the original Complaint was served on Defendant more than 21 days ago and no answer is currently on file, Plaintiff could only amend the Complaint after first obtaining "the opposing party's written consent or the court's leave." Id. at 15(a)(2). If Plaintiff had obtained Defendants' written consent, then he would have been required to place a stipulation on the record to notify the Court. See L.R. 7-1 ("Stipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding. Written stipulations affecting the progress of the case shall be filed with the Court, be accompanied by a separate order as provided in L.R. 52-4.1, and will not be effective until approved by the judge, except as authorized by statute or the [Federal Rules]."). Accordingly, the Court hereby strikes Plaintiff's First Amended Complaint from the record for failure to comply with Rule 15(a)(2).

In addition, the Court notes that Plaintiff filed a Notice of Dismissal indicating the dismissal of Defendants from the Complaint. (Docket No. 15.) Due to the Court striking the First Amended Complaint, the Notice of Dismissal effectively dismissed all defendants. Accordingly, Plaintiff is ordered to show cause why this action should not be dismissed for lacking a defendant. Plaintiff's response shall be due no later than May 26, 2023. Failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1874 PA (RAOx) | Date | May 23, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. 100% Smoke Shop et al | | |

adequately respond to this Order to Show Cause may result, without further warning, in dismissal of the action.

    This is just one of many cases in which Plaintiff's counsel has failed to comply with the Federal Rules of Civil Procedure. These consistent failures, which cause the Court to have to monitor the progress of Plaintiff's counsel's cases, issue Orders to Show Cause, track and review Plaintiff's counsel's Responses, and manage the Court's docket, unnecessarily tax the Court's limited resources. Indeed, the Court has previously admonished Plaintiff and Plaintiff's counsel regarding its prior violations of the Local Rules and the Court's Orders. The Court is not a substitute for Plaintiff's counsel's own calendaring of relevant deadlines. The continued violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders by Plaintiff and Plaintiff's counsel risk the imposition of additional and escalating sanctions, including referral of Plaintiff's counsel to the Court's Standing Committee on Discipline.

    IT IS SO ORDERED.